JS 44 CAND (Rev. 12/11)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Daniel Jacobs, Individually and on behalf of a class of persons similarly situated

**DEFENDANTS**
Craigslist, Inc., a Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff  Los Angeles, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  San Francisco, CA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edwin C. Schreiber/Eric A. Schreiber
16501 Ventura Blvd., Suite 401
Encino, CA 91436; tel: (818) 789-2577

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district *(specify)*    ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332(d) (CAFA)

Brief description of cause:
Lawsuit under California Civil Code 1747.08

**VII. REQUESTED IN COMPLAINT:**

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
25,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE _____    DOCKET NUMBER _____

**IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)**
*(Place an "X" in One Box Only)*    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE    ☐ EUREKA

DATE  03/16/2012

SIGNATURE OF ATTORNEY OF RECORD

1  EDWIN C. SCHREIBER, SBN 41066
   ERIC A. SCHREIBER, SBN 194851
2  SCHREIBER & SCHREIBER, INC.
   16501 Ventura Boulevard  Suite 401
3  Encino, California 91436-2068
   Tel:  (818) 789-2577
4  Fax:  (818) 789-3391
   Ed@Schreiberlawfirm.com
5  Eric@Schreiberlawfirm.com

6  KATHRYN DIEMER SBN 133977
   JUDITH WHITMAN SBN 103385
7  DIEMER, WHITMAN & CARDOSI, LLP
   75 East Santa Clara Street, Suite 290
8  San Jose, California 95113
   Tel: (408) 971-6270
9  Fax: (408) 971-6271
   Kdiemer@Diemerwhitman.com
10 Jwhitman@Diemerwhitman.com

11

   Attorneys for Plaintiff; Daniel Jacobs
12
                       UNITED STATES DISTRICT COURT
13
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
14

15
   DANIEL JACOBS, individually          )  Case No.
16 and on behalf of a class of persons similarly  )
   situated                             )  CLASS ACTION
17             Plaintiff,               )
                                        )  COMPLAINT FOR:
18        vs.                           )
                                        )  1. VIOLATION OF CIVIL CODE § 1747.08
19 CRAIGSLIST, INC.,                    )
   a Delaware corporation;              )
20                                      )
                                        )
21             Defendants               )
                                        )
22 _____)

23

24

25

26

27

28

                                    1
                                COMPLAINT

1    DANIEL JACOBS ("PLAINTIFF"), on behalf of himself and all others similarly situated, for

2    this complaint, alleges as follows:

3                 **STATEMENT OF FEDERAL COURT JURISDICTION**

4    PLAINTIFF contends jurisdiction is proper in Federal Court under 28 U.S.C. § 1332 (d), CAFA

5    in that: 1. Numerous class members and DEFENDANTS are residents, citizens and domiciles of

6    different states (DEFENDANT is a Delaware and California citizen, domicile and resident); 2. This

7    is a class action wherein there are in excess of 100 class members; 3. This is a class action wherein

8    more than two thirds (2/3) of the class members are citizens, domiciles and residents of states other

9    than the DEFENDANT; 4. This is a class action which seeks in excess of five million dollars

10   ($5,000,000.00) in damages

11                          **NATURE OF THE CASE**

12        1.    This is a class action brought on behalf of all natural persons nationwide who purchased

13   advertising services through the posting of classified for-pay advertisements (collectively

14   "ADVERTISEMENTS"), from CRAIGSLIST by and through CRAIGSLIST's Internet web site

15   (www.CRAIGSLIST.com)    The basic nature of CRAIGSLIST's ADVERTISEMENTS are that

16   CRAIGSLIST offers a variety of free-to-post classified advertisements, as well as certain paid for

17   advertisements. PLAINTIFF is informed and believes and therefore alleges that CRAIGSLIST only

18   charges a fee for employment listings on their specific Atlanta, Austin, Boston, Chicago, Dallas,

19   Denver, Houston, Los Angeles, New York, Orange County, Philadelphia, Phoenix, Portland,

20   Sacramento, San Diego, Seattle, South Florida Washington DC and San Francisco web pages ($25 for

21   all areas listed except the price is $75 for San Francisco), and that all other postings on CRAIGSLIST

22   are free. In line with any ADVERTISEMENTS purchase by credit card, CRAIGSLIST requires a

23   customer to provide personal information, including but not limited to a home address and telephone

24   number. CRAIGSLIST lists telephone number and home address as required information page and a

25   transaction cannot be completed without first providing this information to CRAIGSLIST. That is,

26   CRAIGSLIST requires, as a condition of purchase, that a consumer provide it with a telephone number

27   and home address prior to allowing the customer to make a credit card purchase. This request is also

28   made by and through the use of a pre-printed form, which requires a consumer to fill in his or her

1    phone number and address. Furthermore, CRAIGSLIST does not use a phone number for credit card

2    verification, as CRAIGSLIST's form only requires a contact phone number as opposed to a billing

3    address phone number, meaning that while CRAIGSLIST requests and requires a telephone number

4    from a consumer as a condition of paying via credit card (the only method of payment CRAIGSLIST

5    accepts), it does not need the phone number for verification of the credit card or to otherwise process

6    the credit card transaction. Requesting or requiring a telephone number and/or home address in line

7    with a credit card transaction, and using a pre-printed form to require a consumer to write this

8    information violates the Song-Beverly Credit Card Act (Civil Code § 1747.08).

9                                              I.

10                                      **THE PARTIES**

11        2.     PLAINTIFF alleges that: Defendant CRAIGSLIST, INC. ("CRAIGSLIST") is now, and

12   at all times relevant hereto was an is a Delaware corporation, and is the owner and operator of the

13   website www.CRAIGSLIST.com.. CRAIGSLIST's principal place of business is located in San

14   Francisco, California. All DEFENDANTS, are collectively referred to as "DEFENDANTS."

15        3.    At all times herein mentioned, PLAINTIFF was and is a resident of Los Angeles County,

16   California. On or about March 8, 2012, PLAINTIFF visited CRAIGSLIST's website because he

17   desired to purchase an ADVERTISEMENT by paying with a credit card. PLAINTIFF was required

18   to fill in various information on Defendant's pre-printed form in line with his purchase, including his

19   name, home address, contact (as opposed to billing) phone number, e-mail address, credit card number,

20   credit card expiration date and the credit security code or CCID (credit card identification number).

21   The CRAIGSLIST website, would not progress to the next page to complete the purchase until

22   PLAINTIFF provided his telephone number and other required information. That is, providing a

23   telephone number and address was a requirement of completing the credit card purchase. Thereafter,

24   PLAINTIFF provided CRAIGSLIST with all the information it required, and completed the

25   transaction, paying for the ADVERTISEMENT by and through his credit card. .

26

27        4. PLAINTIFF is informed and believes and therefore alleges that CRAIGSLIST captured and

28   retained all of the information PLAINTIFF provided to CRAIGSLIST in line with the transaction .

1   5.   PLAINTIFF is informed and believe and therefore alleges that all DEFENDANTS were

2   the agents and/or employees of each other and were acting in the course and scope of their employment

3   and/or agency with the permission and approval of all other DEFENDANTS throughout all times

4   herein alleged.

5                                         II.

6                        **JURISDICTION AND VENUE**

7       This court has jurisdiction over this action because pursuant to 28 U.S.C. § 1332 (d), under

8   CAFA, numerous class members and Defendants are residents of different states, and more than two

9   thirds (2/3) of the class members are residents of states different from the principal DEFENDANT.

10  Furthermore, there are in excess of one hundred (100) class members and the aggregate of the claims

11  of all class members far exceeds five million dollars ($5,000,000.00).

12      7.   Venue is proper in this Court because pursuant to 28 U.S.C. § 1391 (c),

13  CRAIGSLIST's principal place of business is in San Francisco, California and its agreement with all

14  of its customers requires all lawsuits to be brought in State or Federal Court in San Francisco (Northern

15  District) County, California. Therefore, because, pursuant to 28 U.S.C. § 1391 (c), DEFENDANT

16  is deemed to reside in the Central District of California, venue in the Northern District of California

17  is proper under 28 U.S.C. § 1391 (a)(1).

18      8.   The DEFENDANT conducts and transacts business in the State of California

19  in that it solicits business, advertises and enters into contractual relations with California residents,

20  DEFENDANT is licensed to transact business in California, and CRAIGSLIST has its principal place

21  of business in California.

22                                        III.

23                        **CLASS ALLEGATIONS**

24      9.   Pursuant to Section 382 of the Code of Civil Procedure, PLAINTIFF brings this action

25  on behalf of itself and on behalf of a Class consisting of:

26      A national class of all natural persons who within one (1) year prior to the
        filing of the complaint in the within action who, in the course and scope of
27      purchasing ADVERTISEMENTS and paying by credit card, was required to
        provide a telephone number and/or an address to CRAIGSLIST in order to
28      purchase ADVERTISEMENTS and post such ADVERTISEMENTS on

                                          4

CRAIGSLIST's website, as a condition of paying by credit card. Excluded from the Class are the Court and any Court staff assigned to this matter, DEFENDANTS, their directors and officers and any member of their immediate families. Also excluded from the class are all free advertisements, as the class is only for those persons who purchased ADVERTISEMENTS from CRAIGSLIST with a credit card.

PLAINTIFF seeks to certify a class consisting of all said persons as follows: for the first cause of action, all natural persons who within one year prior to the filing of this action and up through the date of class certification in this action, were required to provide their telephone number and/or address to CRAIGSLIST as a condition of using their credit card for the purchase of ADVERTISEMENTS from CRAIGSLIST, including having to write this information on a pre-printed form.

10.     Numerosity of the Class

The members of the Class are so numerous that separate joinder of each member is impractical. PLAINTIFF believes there are in excess of hundreds of thousands, if not millions of current and former CRAIGSLIST customers that would be members of the Class. Although the exact number and identities of the Class members are presently unknown to the PLAINTIFF, their number and identities can be readily ascertained from the DEFENDANTS' records.

11.     Existence and Predominance of Common Questions of Law or Fact

Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

a.      Whether all persons who are current and former members of CRAIGSLIST are bound by CRAIGSLIST's Terms and Conditions which contains a California choice of law clause as well as a San Francisco California venue clause. That all class members regardless of their state of citizenship are required to litigate in California, using California law;

b.      Whether all persons who are current and former customers of CRAIGSLIST are required to provide their telephone number and/or address as a condition of paying for CRAIGSLIST's ADVERTISEMENTS by credit card, including having to write this information on a pre-printed form;

c.      Whether each and every member of the class is entitled to statutory damages as a matter

5
COMPLAINT

1    of law;

2        d.    Whether each and every transaction between CRAIGSLIST and class members is

3              virtually identical;

4        e.    Whether each and every member of the class is a victim of CRAIGSLIST's unlawful

5              conduct in violation of the Song-Beverly Credit Card Act.

6        12.    Typicality

7    PLAINTIFF's claims are typical of the claims of the Class members, since he purchased

8 ADVERTISEMENTS from CRAIGSLIST and was required to provide his address and telephone

9 number as a condition of and prior to using his credit card to obtain ADVERTISEMENTS from

10 CRAIGSLIST, which is the same or substantially similar to what all other members of CRAIGSLIST

11 who wished to pay by credit card were required to do, including having to write this information on

12 a pre-printed form. Furthermore because this lawsuit seeks to effect a change in conduct of the

13 Defendants, and each of them, and seeks to confer a significant benefit on, and the enforcement of a

14 significant right upon the public, because of the necessity of private enforcement and in the interests

15 of justice, Plaintiff seeks to recover attorney's fees under Code of Civil Procedure § 1021.5.

16        13.    Adequacy of Representation

17    PLAINTIFF will fairly and adequately represent and protect the interests of the Class.

18 PLAINTIFF's interests do not conflict with the interests of the Class members he seeks to represent.

19 PLAINTIFF has retained competent counsel experienced in complex class action litigation, including

20 deceptive trade practices. PLAINTIFF intends to vigorously prosecute this action.

21        14.    Superiority

22    A class action is superior to other available methods for the fair and efficient adjudication of

23 this controversy. The damages suffered by each individual Class member are too small to justify the

24 burden and expense of individual prosecution, so that it would be virtually impossible for the members

25 of the Class to individually redress the wrongs done to them. Even if the members of the Class

26 themselves could afford such litigation, the court system could not. Individual litigation of the issues

27 raised by the DEFENDANT's conduct would increase the delay and expense to all parties and to the

28 court system. Therefore, this case is ideally suited for class treatment.

1

IV.

2

## SUBSTANTIVE ALLEGATIONS

3      15.     PLAINTIFF purchased an ADVERTISEMENT from CRAIGSLIST on March 8, 2012.

4   As a condition of posting his ADVERTISEMENT on CRAIGSLIST, PLAINTIFF was required both

5   to provide his telephone number and address in order to complete his credit card purchase.

6   PLAINTIFF could not complete his credit card transaction without providing CRAIGSLIST with his

7   telephone number and address on CRAIGSLIST's pre-printed form.  That is, providing a telephone

8   number and address was a condition of paying by credit card, as CRAIGSLIST's website would not

9   permit PLAINTIFF to obtain ADVERTISEMENTS from CRAIGSLIST by credit card unless he first

10  provided his telephone number and address to CRAIGSLIST.  The request for telephone number and

11  address immediately precedes the credit card payment and CRAIGSLIST will not permit a customer

12  to purchase their ADVERTISEMENTS by credit card unless they first provide CRAIGSLIST with all

13  of the requested information including telephone number and address.

14     16.     CRAIGSLIST both requests and requires customers to provide CRAIGSLIST with

15  personal information including, but not limited to the customer's telephone number and address as a

16  condition of accepting a credit card as payment for CRAIGSLIST's ADVERTISEMENTS, this

17  information is also requested by and through the use of a pre-printed form which requires a consumer

18  to provide his or her personal information to CRAIGSLIST.

19     17.     PLAINTIFF is informed and believes, and therefore alleges that CRAIGSLIST records

20  each consumer's personal information, including, but not limited to a telephone number and address,

21  in line with each credit card transaction, and keeps records of such personal information.

22     18.     PLAINTIFF is informed and believes, and therefore alleges that CRAIGSLIST is not

23  contractually obligated to provide a consumer's telephone number and/or address in order to complete

24  the credit card transaction, nor is CRAIGSLIST required to record a consumer's telephone number or

25  address by federal law or regulation.  PLAINTIFF is informed and believes that because CRAIGSLIST

26  obtains the CCID or credit card identification number, the credit card transaction would be permitted

27  to proceed without any further information.  Furthermore PLAINTIFF is informed and believes that

28  even if the credit card processing company or companies required a valid billing address and CCID,

1    under no circumstance would PLAINTIFF's telephone number be required to complete his transaction,

2    that is, under no circumstance does CRAIGSLIST need PLAINTIFF's telephone number in order to

3    complete an ADVERTISEMENT transaction conducted completely over the Internet, because

4    telephone numbers are not used to verify credit cards.

5        19.     CRAIGSLIST does not require a consumer's telephone number or address for a special

6    purpose incidental, but related to the individual credit card transaction, as a telephone number and

7    address is unnecessary to complete the transaction which involves the providing of

8    ADVERTISEMENTS over the Internet. All elements of the transaction can be and are accomplished

9    over the Internet.

10       20.     Pursuant Civil Code § 1747.08, the Court is required to award statutory penalties in the

11    event it determines that the Song-Beverly Credit Card has been violated. Such damages range from

12    one cent ($.01) to up to two hundred fifty dollars ($250) for the first violation and from one cent ($.01)

13    to one thousand dollars ($1,000) for each violation thereafter.

14

**V.**

**FIRST CAUSE OF ACTION**

**VIOLATION OF CIVIL CODE § 1747.08 et seq.**

(Against all DEFENDANTS, and Each of Them)

18      As and for a first cause of action against the DEFENDANTS, PLAINTIFF alleges as follows:

19       21.     PLAINTIFF hereby repeats and realleges Paragraphs 1-20 of this complaint as though

20    fully set forth herein.

21       22.     PLAINTIFF purchased an ADVERTISEMENT from CRAIGSLIST's website on

22    March 8, 2012 with his credit card. In line with the transaction, and immediately prior to making

23    payment, PLAINTIFF was required to provide CRAIGSLIST with his home address and telephone

24    number, which PLAINTIFF is informed and believes and therefore alleges that CRAIGSLIST

25    electronically recorded.

26       23.     CRAIGSLIST both requests and requires customers to provide CRAIGSLIST with

27    personal information including home address and telephone number as a condition of accepting a credit

28    card as payment for CRAIGSLIST's ADVERTISEMENTS. This request is also made by and through

8

COMPLAINT

1   the use of a pre-printed form which requires the consumer to provide the personal information to

2   CRAIGSLIST before the transaction can proceed.

3       24.    PLAINTIFF is informed and believes and therefore alleges that CRAIGSLIST records

4   each consumer's personal information, in line with each credit card transaction, and keeps records of

5   such personal information.

6       25.    PLAINTIFF is informed and believes, and therefore alleges that CRAIGSLIST is not

7   contractually obligated to obtain a customer's home address or telephone number in order to complete

8   the credit card transaction, nor is CRAIGSLIST required to record a consumer's telephone number by

9   federal law or regulation.

10       26.    PLAINTIFF is informed and believes, and therefore alleges that CRAIGSLIST is not

11   required to obtain a consumer's telephone number or address for a special purpose incidental, but

12   related to the individual credit card transaction with respect to ADVERTISEMENTS.   Furthermore

13   Plaintiff is informed and believes and therefore alleges that CRAIGSLIST does not use a contact phone

14   number or any other telephone number to verify credit cards are authentic or otherwise prevent identity

15   theft or fraud because telephone numbers are not used by any credit card providers or processors to

16   verify credit cards.

17       27.    Pursuant Civil Code § 1747.08, the Court is required to award statutory penalties in the

18   event it determines that the Song-Beverly Credit Card Act has been violated.

19       28.    Pursuant Civil Code § 1747.08, the Court has discretion to award damages/penalties of

20   between one cent ($.01) and two hundred fifty dollars ($250.00) for the first violation, per violation

21   and between one cent ($.01) and one thousand dollars ($1,000.00) for each subsequent violation, per

22   violation, of the Song-Beverly Credit Card Act. PLAINTIFF seeks an award up to two hundred fifty

23   dollars ($250.00) for the first violation and up to one thousand dollars ($1,000.00) for each subsequent

24   violation of law, per class member.   PLAINTIFF contends this amount is likely in excess of

25   $250,000,000 depending on the amount of the penalty actually awarded.

26       29.    Therefore, PLAINTIFF and the class seek civil penalties up to the maximum penalty

27   of $250.00 for the first violation and $1,000.00 per violation within the Court's discretion as provided

28   for under Civil Code § 1747.08.

30. PLAINTIFF also requests that he and the class be awarded attorney fees under Code of Civil Procedure § 1021.5, within the discretion of the Court.

### PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF prays judgment against DEFENDANTS and each of them, as follows:

### On All Causes of Action

1.   An order certifying that this action may be maintained as a class action appointing PLAINTIFF as designated the representative of the Class, and appointing PLAINTIFF's undersigned counsel as designated counsel for the Class.

2.   That PLAINTIFF and all members of the Class be awarded civil penalties up to the legal maximum pursuant to Civil Code § 1747.08

2.   That PLAINTIFF and members of the Class be awarded costs of suit herein;

3.   That PLAINTIFF and members of Class be awarded such other relief as this Court deems just and proper.

4.   That PLAINTIFF and all members of the Class attorney's fees pursuant to Civil Code § 1021.5.

DATED: March 16, 2012                    **SCHREIBER & SCHREIBER, INC.**

/s/ *Edwin C. Schreiber*
EDWIN C. SCHREIBER, Attorneys for PLAINTIFF DANIEL JACOBS individually, and on behalf of a class of persons similarly situated

10
COMPLAINT